UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK SEAGER and CAROL SEAGER,

    Plaintiffs,

v.                                Case No.: 2:20-cv-728-FtM-38MRM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiffs Frank Seager and Carol Seager's (collectively, "the Seagers") Motion to Remand (Doc. 11), and Defendant Hartford Insurance Company of the Midwest ("Hartford") response in opposition (Doc. 16). Also being considered is the Seagers' Motion to Strike Confidential Information Within Court Filing (Doc. 10), Hartford's opposition (Doc. 17), and the Seagers' reply (Doc. 21). For the before reasons, both motions are denied.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This is an insurance dispute arising from Hurricane Irma. (Doc. 1). The Seagers sued in state court for breach of contract, seeking the jurisdictional minimum of $30,000. (Doc. 1-1). After, on August 23, 2020, the Seagers sent Hartford a settlement email, demanding $230,000 and attached a repair estimate showing damages over $260,000. (Doc. 1-8). Hartford then removed the action to this Court on September 21, 2020. (Doc. 1). Now, the Seagers move to remand, arguing the parties are not diverse and removal was untimely. (Doc. 11).

## LEGAL STANDARD

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000 and complete diversity exists. *See* 28 U.S.C. §§ 1332(a), 1441(a). Besides those jurisdictional requirements, there are procedural hurdles to removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). For example, defendants must remove within thirty days of learning a case is removable. *See* 28 U.S.C. § 1446(b)-(c). While a jurisdictional defect may be raised whenever, parties must seek remand for procedural defects within thirty days. *See* 28 U.S.C. § 1447(c). Removal "raises significant federalism concerns," so federal courts "construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## DISCUSSION

### A. Citizenship

The Court starts with the Seagers' jurisdictional argument. The Seagers try to impute their citizenship to Hartford under an exception to the general corporate citizenship rule, which would destroy diversity. (*Id.* at 7-8). Plaintiffs, however, misinterpret the applicable statute.

A corporation is a citizen of the state (or states) where it is incorporated and maintains its principal place of business. See 28 U.S.C. § 1332(c)(1); *Hertz Corp v. Friend*, 559 U.S. 77, 80 (2010). Yet the diversity statute provides a limited exception for insurers. See 28 U.S.C. § 1332(c)(1). That provision says:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen[.]

28 U.S.C. § 1332(c)(1)(A). From this language, the Seagers attempt to attribute their Florida citizenship to Hartford. At first glance, the statute lends support. But upon inspection, their position falls apart because this is not a "direct action."

Congress enacted this exception "to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's

3

insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." *Fortson v. St. Paul Fire & Marine Ins.*, 751 F.2d 1157, 1159 (11th Cir. 1985). In other words, a "direct action is one in which the liability sought to be imposed could be imposed against the insured." *Broyles v. Bayless*, 878 F.2d 1400, 1404 n.1 (11th Cir. 1989) (internal quotation marks and citation omitted). "The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer." *Bowers v. Cont'l Ins.*, 753 F.2d 1574, 1576 (11th Cir. 1985).

The Seagers are Florida citizens. And Hartford is both a citizen of Indiana (where it is incorporated) and Connecticut (where it has its principal place of business). The parties thus are completely diverse unless this is a direct action under the statute. It is not. The Seagers sued their homeowner's insurance company, not the insurance company of a liable third party. So this case falls outside the 28 U.S.C. § 1332(c)(1)(A) exception. *See e.g., Hoffecker v. Am. Auto. Ins.*, No. 3:17-cv-359-J-32PDB, 2018 WL 636748, at *2 (M.D. Fla. Jan. 31, 2018) (holding an insured suing her homeowner's insurance for failing to cover damage did not meet the exception); *Maldonado v. Coopperativa de Seguros Multiples de P.R., Inc.*, No. 8:13-cv-2361-T-35TBM, 2014 WL 12617904, at *2-3 (M.D. Fla. June 13, 2014) (same). Because the parties are

otherwise diverse, the Court has subject-matter jurisdiction. The Court turns next to the Seagers' procedural defect challenge.

**B. Timeliness**

The Seagers argue removal is untimely or, at the very least, premature. (Doc. 11 at 3-5, 8-9). First, they argue removal is untimely because Hartford had pre-suit knowledge of the amount-in-controversy, yet it failed to remove within thirty days of receiving the Complaint. (*Id.* at 3-4). Second, Plaintiffs maintain removal is premature because the email with attached estimate does not constitute "other paper" from which Hartford could ascertain the amount in controversy and thus it did not trigger the removal time clock. (*Id.* at 5, 8-9). Both challenges fail.

When—as here—the initial complaint is not removable, a defendant must remove within thirty days of receiving an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

To starter, the Seagers' contentions related to their receipt of the Complaint fail. Without pointing to specific information, Plaintiffs assert Hartford knew or should have known the amount-in-controversy during the adjustment of the insurance claim before this suit. (*Id.* at 3-4). Yet pre-suit correspondence cannot be an "other paper" triggering the thirty-day removal clock. *See Kane v. J.D. Lallo, Inc.*, No. 2:20-cv-15-FtM-38NPM, 2020 U.S. Dist.

5

LEXIS 28073, at *2 (M.D. Fla. Feb. 19, 2020); *e.g., McManus v. Nat'l Fire & Marine Ins.*, 380 F. Supp. 3d 1260, 1262-63 (M.D. Fla. 2019). They served the Complaint on July 17, 2020. (Doc. 1-4 at 3-6). Considering the above, any correspondence before that date is irrelevant to timeliness. *E.g., McManus*, 380 F. Supp. 3d at 1263.

Next, the Seagers argue Hartford's removal is premature. They assert the email cannot be relied upon as evidence of the amount-in-controversy because it is a confidential settlement negotiation under Federal Rule of Evidence 408 and its Florida counterpart, Fla. Stat. § 90.408. (Doc. 11 at 4-5). And, even if the email is admissible, they maintain it does not constitute "other paper" under the statute. (*Id.* at 8-9).

To the extent that the Seaters argue the demand email and attachment constitute inadmissible evidence of jurisdiction, the Court disagrees. (*Id.* at 4-5). While Fed. R. Evid. 408 and Fla. Stat. § 90.408 prohibit the admission of a settlement offer to prove or disprove the amount of a disputed claim, the Court may still consider this evidence in determining the amount-in-controversy. *See White v. State Farm Mut. Auto. Ins. Co.*, No. 6: 12-CV-438-ORL-22DAB, 2012 WL 13102525, at *2 (M.D. Fla. May 16, 2012) (considering demand letter as evidence of the amount in controversy because "Rule 408 does not 'either expressly or implicitly disallow the use of [a settlement or demand letter] to determine the amount in controversy for purposes of determining federal

6

jurisdiction.'"); *Stratmann v. State Farm Mut. Auto. Ins. Co.*, No. 6: 15-CV-1036-ORL-31KRS, 2015 WL 12861146, at *1 (M.D. Fla. July 28, 2015) (permitting consideration of demand letter in determining amount in controversy over Fla. Stat. § 90.408 objection) (citation omitted).

Further, the Seagers' motion to strike the email and attached estimate as inadmissible is denied.  (Docs. 10; 11 at 5; 21). Federal Rule of Civil Procedure 12(f) governs the striking of material from pleadings, *not* evidence. *See Harris v. Torus Nat. Ins. Co.*, No. 8:14-CV-1001-T-33AEP, 2014 WL 3053257, at *3 (M.D. Fla. July 7, 2014) (citations omitted).  The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether the matter in the pleading is "redundant, immaterial, impertinent, or scandalous[.]" Fed. R. Civ. P. 12(f).  Because the email and attached estimate do not contain immaterial, impertinent, or scandalous matters, the motion to strike is denied.  If warranted, Plaintiffs may seek to exclude this evidence in a motion for limine at trial.

Plaintiffs' argument that the email and repair estimate did not demonstrate the amount in controversy also fails. (Doc. 11 at 8-9). Indeed, "settlement offers," "demand letters," and "email[s] estimating damages" are considered "other paper" under the removal statute. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1221 n. 62 (11th Cir. 2007) (citations omitted).  "If the jurisdictional amount is either stated clearly on the face of the documents

7

before the court, or readily deducible from them, then the court has jurisdiction." *Id.* at 1221.

Here, Plaintiffs' demand email with the attached third-party estimate outlined the various charges and necessary repair items and labor costs needed to fix the Seagers' home. (Doc. 1-8 at 4-11). Thus, on August 23, 2020, Hartford had unambiguous information that the amount in controversy exceeded $75,000. (Doc. 1-8). Hartford's removal was less than 30 days and therefore timely. (Doc. 1). Because Hartford properly removed this action, the Court denies their request for attorney's fees and costs. (Doc. 11 at 10).

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs Frank Seager and Carol Seager's Motion to Remand (Doc. 11) is **DENIED**.

(2) Plaintiffs' Motion to Strike Confidential Information Within Court Filing (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this October 28, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8